```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

DENISE L. TEAGUE

     v.                                :
                                           CIVIL ACTION NO.: PWG-10-1735
MICHAEL J. ASTRUE,                     :
COMMISSIONER OF SOCIAL
SECURITY                               :
```

**MEMORANDUM**

Denise Lynne Teague, (sometimes referred to as "Ms. Teague" or "Claimant"), acting *pro-se*, filed this action seeking judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). Pending are the parties' Motions for Summary Judgment. (ECF Nos. 18, 23). Claimant also filed a reply to Defendant's Motion (ECF No. 25). By consent of the parties, this case was referred to me pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF No. 9). For the reasons that follow, I find that the decision of the Commissioner should be affirmed. No hearing is necessary. Local Rule 105.

**I. PROCEDURAL HISTORY**

Claimant filed her application for benefits on December 12, 2006, alleging an onset date of disability beginning October 1, 2002, as a result of arthritis, degenerative disc disease and osteoporosis. (Tr. 102, 135). Her claim was denied initially,

and upon reconsideration. (Tr. 73-77, 78-79). At Claimant's request, a hearing was held before an Administrative Law Judge ("ALJ") on March 19, 2008, where Ms. Teaugue, who was not represented by counsel, appeared and testified. (Tr. 26-69). In a decision dated April 15, 2008, the ALJ found that Claimant was not disabled within the meaning of the Act. (Tr. 13-25). On May 1, 2010, the Appeals Council denied her request for review, thereby adopting the ALJ's decision as the "final decision" of the Commissioner.(Tr. 1-4).

## II. ALJ'S DECISION

The ALJ evaluated Ms. Teague's claim for benefits using the sequential processes set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Claimant had not engaged in "substantial gainful activity" since her alleged onset date, except for her earnings in the year 2006. (Tr. 15). At step two, the ALJ found that Claimant's polyarthritis, degenerative disc disease of her lumbar and cervical spine, dermatitis, obesity, and depression were severe impairments. (Tr. Id.). At step three, the ALJ found that the Claimant did not have an impairment or combination of impairments that met, or equaled in severity, any listed impairment.(Tr. 17). The ALJ then found that Claimant retained the residual functional capacity ("RFC")

2

to perform the full range of unskilled sedentary work.[3] The ALJ further found that the Claimant could not perform her past relevant work ("PRW"). Based on the Medical Vocational Guidelines ("GRIDS"), specifically 201.28, the ALJ concluded that work existed in the national and local economies in significant numbers which Ms. Teague could perform. Accordingly, the ALJ found that she was not disabled within the meaning of the Act. (Tr. 24-25).

### III. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence, which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner

---

[3] The ALJ found Claimant could not be exposed to skin irritants, such as harsh detergents or rough materials. (Tr. 19).

which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review, this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

### IV. DISCUSSION

The Claimant argues that the ALJ erred by failing to consider the opinions of her treating physician, and failed to consider properly her complaints of pain and the side effects of medications she was taking.  The Defendant asserts that the Commissioner's final decision is supported by substantial evidence and should be affirmed.  After review of the record and the ALJ's decision, I agree with the Commissioner and affirm the opinion of the ALJ.

Claimant first argues that the ALJ erred by failing adequately to consider the statements of her neurologist, Doctor W. Hooker, in determining the severity of her physical and mental limitations. A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th

4

Cir. 1996); *see also* 20 CFR §404.1527(d)(2).  While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record.  In this case, I find the ALJ fulfilled his duty and adequately discussed the opinions of the treating physician, including the Claimant's allegations of disabling pain.

The ALJ noted Dr. Hooker's opinions found in the Statement of Patient's Treatment, including the opinion that Claimant's "medication side effects preclude significant employment." (Tr. 435). The ALJ assigned Dr. Hooker's opinion little weight, however, because it was not supported by the doctor's treatment notes from the Veterans Affairs Medical Center ("VAMC") medical records, found at Exhibits 3F, 5F and 9F.  (Tr. 220-238, 242-255, 269-434).  In addition Dr. Hooker's records state that despite her back, neck, and arm pain, Ms. Teague had findings of a full range of motion and normal mobility of the spine, as well as normal muscle tone and strength.  (Tr. 223, 225, 229, 234). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford less than

controlling weight to Dr. Hooker's opinions that Ms. Teague was precluded from any employment. (Tr. 435).

The ALJ also noted the state agency physicians' opinions that Claimant could perform light work, however, the ALJ ultimately found that the medical records did not fully support these opinions. The ALJ did determine that the Claimant had greater limitations than those found by the state agency physicians and therefore found that she was restricted to sedentary work .(Tr. 23).

Claimant also alleges that the ALJ erred in determining the disabling effects of her pain, and failed to consider the pain medications she takes. Review of the ALJ's decision and the entire record, however, undermines this contention. The ALJ recognized his obligation to give consideration to all subjective allegations in accordance with 96-7p.[4] (Tr. 20). The

---

[4] SSR 96-7p, in relevant part, states: in addition to the objective medical evidence when assessing the credibility of an individual's statements: 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and

ALJ stated he found Claimant's statements regarding her impairments and their impact on her ability to work were credible, but only to the extent consistent with the residual functional capacity assessment. (Tr. 21). Importantly, the ALJ's analysis did not end there. Rather, the ALJ stated that his finding was based, among other things, on the Claimant's statements to her own health care providers about her pain levels, and discrepancies found between the claimant's assertions, her daughter's written statement about her mother's daily activities, and all of the information contained in the documentary reports. (Tr. 21-22, 41-44, 192-193, 228).

In addition, the reports of the treating and examining physicians were discussed in the ALJ's decision. For example, in July, 2007, Ms. Teague's rheumatologist, Dr. Valiveti, noted that her inflammatory spondyloarthropathy had clinically improved and was fairly controlled, and that she was doing well on the prescribed methotrexate. (Tr. 416). The ALJ also noted that in in January 2007, Ms. Teague started taking morphine, and in March 2007, she had some success with epidural steroid injections. The ALJ also noted that her medications included humira, methotrexate, and naproxen.

---

7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

After carefully reviewing all the medical records, I have determined that the ALJ's findings are substantially supported by the evidence of record.  In sum, the ALJ's finding that the Claimant's statements regarding her pain and it's effect on her ability to work were not entirely credible is supported by substantial evidence, and is in compliance with SSR 96-7p.

## V. CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's Motion for Summary Judgment will be granted and the Claimant's Motion will be denied.  A separate Order will issue.

```
              _____/s/_____
                        Paul W. Grimm
                        United States Magistrate Judge
```

DATED:__8/21/12

8